UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

CARLOS TOLEDO,

    Plaintiff,

v.

C4 Planning Solutions, LLC.
A Limited Liability Company,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CARLOS TOLEDO ("TOLEDO" or "Plaintiff"), by and through undersigned counsel, files this Complaint against Defendant, C4 Planning Solutions, LLC, a Limited Liability Company (hereinafter referred to as "Defendant" or "C4"), for violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (hereinafter as "FLSA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid overtime wages, an additional equal amount as liquidated damages, lost wages including front and back pay, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

4. Venue is proper as Plaintiff worked for Defendant in Miami-Dade County,

Florida, and the actions giving rise to these claims arose in Miami-Dade County, Florida.

## PARTIES

5. At all times material hereto, Plaintiff was a resident of Miami-Dade County, Florida.

6. At all times material hereto, Defendant was, and continues to be, a business operating in Miami-Dade County, Florida, at which Plaintiff worked.

7. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

9. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

10. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce," within the meaning of the FLSA.

11. Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum, or the prorated amount for same during the time Defendant has been open for business, during the relevant time periods.

12. At all times relevant hereto, Defendant operated a defense contracting firm in Miami-Dade County, Florida.

13. At all times relevant hereto, Defendant had more than two employees.

14. At all times material hereto, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

15. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendant(s).

## STATEMENT OF FACTS

16. Plaintiff worked as a non-exempt and hourly paid Engineer for Defendant from January 22, 2018, until July 20, 2020.

17. Plaintiff always worked in Miami-Dade County, Florida, and his activities were at all times controlled and closely supervised by Defendant's managers and supervisors.

18. Plaintiff had no authority to hire or fire employees of C4.

19. Plaintiff had no authority to discipline employees of C4

20. Plaintiff was closely monitored by C4's managers and supervisors at all times.

21. Plaintiff followed procedures established by C4 and did exactly as he was instructed to do.

22. Plaintiff was paid $80.04 per hour for each hour worked.

23. Throughout his tenure, Plaintiff regularly an average of forty-five (45) hours per week.

24. Instead of compensating Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all overtime hours work, Defendant elected to pay plaintiff **straight time** at a rate of $80.04 per hour for **all** his hours worked, including hours worked in excess of forty (40).

25. Unable to withstand C4's unlawful pay practices, on July 19, 2020, Plaintiff objected to Manager, Kevin Matza, via written text-message, regarding Defendant's illegal pay

practices and requested to be paid for all his owed overtime hours at the appropriate rate.

26. Pursuant to the FLSA, Plaintiff's above-noted objections were "protected activity." *See* 29 U.S.C. § 215(a)(3).

27. The very next day, Human Resources Manager, Rebecca Sizemore, sent Plaintiff a letter stating that he had been terminated, effective immediately.

28. Among the vague reasons listed for Plaintiff's termination, Defendant listed "tampering with time records" and "disregarding company policies and procedures." These unsubstantiated claims stem directly from Plaintiff's objections against Defendant's unlawful pay practices the day before.

29. There is an extremely close temporal proximity/nexus between Plaintiff asserting his objections to Defendant's illegal pay practices and his termination.

30. Plaintiff has been damaged as a result of Defendant's retaliation and termination of his employment.

31. As a result of Defendant's unlawful and retaliatory termination of his employment, Plaintiff has suffered severe financial loss.

32. Plaintiff should have been compensated at the rate of one and one-half times Plaintiff's regular rate for all hours that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA throughout his employment.

33. Defendant violated Title 29 U.S.C. §207 in that:

    a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for his period of employment with Defendant;

    b. No payments or provisions for payment have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half

      times Plaintiff's regular rate for **ALL** hours worked in excess of forty (40) hours per work week, as provided by the FLSA; and

  c. Defendant failed to maintain proper time records as mandated by the FLSA.

34. Plaintiff estimates his FLSA damages to be as follows:  Taking an average of 5 overtime ("OT") hours per week, Plaintiff is owed 5 OT hours x $40.02 per overtime hour totaling $200.10 per week. Plaintiff's estimates approximately 130 weeks remain in the operative FLSA statute of limitations. As such, Plaintiff is owed a total of $200.10 X 130 = **$26,013.00** in unliquidated overtime damages, and **$52,280.00**, in liquidated damages plus attorneys' fees and costs.

35. Prior to the filing of this lawsuit, Defendant did not consult with an attorney to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

36. Prior to the filing of this lawsuit, Defendant did not consult with the DOL to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

37. Prior to the filing of this lawsuit, Defendant did not consult with an accountant to evaluate whether Plaintiff's actual job duties and pay structure rendered him exempt from recovering payment for all overtime worked under the FLSA.

38. Based on the allegations in Paragraphs 37-39, above, Plaintiff is entitled to liquidated damages as Defendant has no objective or subjective good faith belief that its pay practices were in compliance with the FLSA.

39. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A. to

represent him in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

40.     Plaintiff re-alleges paragraphs 1–26, and 34-41, of the Complaint, as if fully set forth herein.

41.     During his employment, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked.

42.     Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

43.     Defendant failed to pay Plaintiff time and one half for all hours worked in excess of forty (40) per week in violation of the FLSA.

44.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per week when it knew, or should have known, such was, and is due.

45.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

46.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant(s):

        a.     Declaring, pursuant to the FLSA, that the acts and practices complained

     of herein are in violation of the maximum hour provisions of the FLSA;

   b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

   c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

   d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   e. Awarding Plaintiff pre-judgment interest; and

   f. Ordering any other further relief, the Court deems just and proper.

## COUNT II
## UNLAWFUL RETALIATION IN VIOLATION OF 29 U.S.C. § 215(a)(3)

57. Plaintiff reincorporates and re-alleges Paragraphs 1-41, above, as though set forth fully herein, and further alleges as follows:

58. Plaintiff objected to Defendant's illegal pay practices on or about July 19, 2020, and asserted violations of the FLSA.

59. On July 20, 2020, Defendant illegally terminated Plaintiff from his employment in violation of 29 U.S.C. § 215(a)(3).

60. Plaintiff was terminated for no other reason than his objections to Defendant's illegal pay practices.

61. As a result of Defendant's intentional, willful, and unlawful actions, Plaintiff has suffered damages, including but not limited to lost wages, lost benefits, lost employment status, as well as humiliation, pain and suffering, and other monetary and non-monetary losses.

62. The retaliatory firing provision of the FLSA states that "it shall be unlawful for any person ... to discharge or in any other manner discriminate against an employee because

such employee has filed any complaint ... under or related to this [Act]." 29 U.S.C. § 215(a)(3).

63. In *EEOC v. White and Son Enterprises*, 881 F.2d 1006, 1011 (11th Cir. 1989), the Court held that "Congress sought to secure compliance with the substantive provisions of the labor statute by having 'employees seeking to vindicate rights claimed to have been denied,' and lodge complaints or supply information to officials regarding allegedly substandard employment practices and conditions. The anti-retaliation provision of the FLSA was designed to prevent fear of economic retaliation by an employer against an employee who chose to voice such a grievance." (citing to *Mitchell v. Robert DeMario Jewelry, Inc.*, 361 U.S. 288, 292 (1960)).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

    a. Declaring, pursuant to 29 U.S.C. §215(a)(3), that the acts and practices complained of herein are in violation of the FLSA;

    b. Awarding Plaintiff lost/back wages since the date of his termination;

    c. Awarding Plaintiff liquidated damages in an amount equal to the back wages award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest;

    f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 3rd day of August 2020.

/s/ **_NOAH E. STORCH_**
Noah E. Storch, Esquire
Florida Bar No. 0085476
Email: noah@floridaovertimelawyer.com
RICHARD CELLER LEGAL, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771

*Attorneys for Plaintiff*